IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00087-CR

 

Richard R. Reyes, Sr.,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 1998-807-C

 



ORDER



 

Richard Reyes has filed a motion
requesting the withdrawal and return of the exhibits that he filed in this appeal,
which we dismissed for want of jurisdiction on March 23, 2005.  Finding that no
exhibits were filed by Reyes in this appeal, we deny his motion as moot.

 

                                                                   PER
CURIAM

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Motion
denied as moot

Order
issued and filed August 10, 2005

Do
not publish






"text-decoration: underline">                                                                                                               
      We are called on to determine whether the evidence supported termination of the parent-child
relationship between Cabret and A.M.C. and whether the trial court erred in failing to admit a jury
note from a previous case where the parent-child relationships between Cabret and A.M.C.1


 and
P.R.C. were terminated. We affirm the judgment of termination.
BACKGROUND FACTS
      A.M.C. was born on March 15, 2000. In response to a referral of physical abuse received
by the Texas Department of Protective and Regulatory Services on March 16, 2000 and risk to
A.M.C. based on Cabret’s previous history, Marta Talbert, an investigator for TDPRS, made
hospital visits to meet with Cabret and A.M.C. Based on what Talbert learned from her visits
with Cabret, Talbert felt A.M.C. was at very high risk for medical neglect and physical neglect,
and A.M.C. was in danger and needed to be removed and placed in foster care. TDPRS took
custody of two day old A.M.C. on March 17, 2000. The removal hearing took place on March
28, 2000.
      On April 24, 2000, Cabret was jailed in Peru for drug trafficking. Kimberly Gonzales, the
conservatorship caseworker for A.M.C., received a call from the consulate in Peru on April 25,
2000 to notify TDPRS that Cabret had been arrested at the airport with five kilos of cocaine
strapped to her body and was in jail awaiting trial. Cabret was convicted and sentenced to six
years and eight months for drug trafficking. Based on the information Gonzales acquired during
her investigation, a decision was made to request termination of the parent-child relationship
between Cabret and A.M.C.
ISSUES ON APPEAL
      To satisfy the first prong of the two-part test to terminate the parent-child relationship, only
one of the grounds listed in section 161.001(1) of the Family Code has to be found by clear and
convincing evidence. Tex. Fam. Code Ann. § 161.001(1) (Vernon 1995 and Pamp. 2002); In
the Interest of J.M.T., 39 S.W.3d 234 (Tex. App.—Waco 1999, no pet.). The standards of review
for legal and factual sufficiency and the burden of proof necessary to terminate a parent-child
relationship are detailed in prior opinions of this court. Id.; In the Interest of A.M.C., 2 S.W.3d
707 (Tex. App.—Waco 1999, no pet.).
      The fact finder in Cabret’s trial found two grounds of section 161.001(1) applicable, (E) and
(M). Tex. Fam. Code Ann. § 161.001(1)(E), (M) (Vernon 1995 and Pamp. 2002). Cabret does
not challenge the legal or factual sufficiency of the jury’s affirmative finding of ground M. 
Therefore, it is unnecessary for us to review Cabret’s first issue challenging the sufficiency of the
evidence that supports the finding of ground (E).
      In her second issue, Cabret challenges the legal and factual sufficiency of the evidence that 
termination of the parent-child relationship between Cabret and A.M.C. was in the best interest
of A.M.C. Tex. Fam. Code Ann. § 161.001(2) (Vernon 1995 and Pamp. 2002). Based on our
review of the record in light of the appropriate standards of review and burden of proof, we find
there is legally and factually sufficient evidence to support the jury’s finding that termination of
the parent-child relationship between Cabret and A.M.C. was in the best interest of A.M.C. 
Thus, we overrule Cabret’s second issue.
      In her third issue, Cabret states that the trial court erred in failing to admit a note by the jury
from a previous termination case involving Cabret’s other two children. Cabret argues the
evidence was admissible under the Rule of Optional Completeness because it was attached to the
verdict. Tex. R. Evid. 107. In referring to writings put in evidence by one party, the Rule of
Optional Completeness allows the other party to admit evidence “which is necessary to make it
fully understood or to explain the same.” Tex. R. Evid. 107.
      As discussed in A.M.C., the note was not necessary to understand the unanimous verdict of
the jury. In the Interest of A.M.C., 2 S.W.3d 707, 717-18 (Tex. App.—Waco 1999, no pet.). 
The only issue of relevance was whether Cabret previously had a parent-child relationship
terminated as indicated in §161.001(1)(M). Tex. Fam. Code Ann. § 161.001(1)(M) (Vernon
1995 & Pamp. 2002). The jury charge and the jury’s response to the charge ably illustrated the
previous termination. No other explanation was necessary for the jury to fully understand the
verdict. Because the trial court did not err in failing to admit the note, we overrule Cabret’s third
issue.
CONCLUSION
      Having overruled Cabret’s second and third issues and finding no need to review her first
issue, we affirm the trial court’s judgment terminating the parent-child relationship between Cabret
and A.M.C.
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 8, 2002
Do not publish
[CV06]